UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL FOUTS, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA,<br><br>                    Defendant. | Case No.: 19-cv-01662-BEN-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 16; 17]** |

    Before the Court is the parties' Joint Motion to Amend Scheduling Order. (ECF No. 17.) The parties request that the Court continue all remaining dates and deadlines in the Scheduling Order by ninety days because "the COVID-19 pandemic has caused significant disruption of the [p]arties' operations and their ability to satisfy upcoming discovery deadlines." (*Id.* at 2.)

    For good cause shown, the parties' joint motion is **GRANTED**, and the Scheduling Order (ECF No. 16) is amended as follows:

///

1. All fact discovery shall be completed by all parties by **August 14, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website).  All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

2. The date for exchange of rebuttal experts shall be by **July 17, 2020**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **July 17, 2020**.

4. All expert discovery shall be completed by all parties by **August 14, 2020**. The parties shall comply with the same procedures set forth in the paragraph governing

fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

5. All other pretrial motions must be filed by **September 11, 2020**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Deadlines for filing motions in limine will be set by the district judge at the final Pretrial Conference.

6. When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

7. A Mandatory Settlement Conference shall be conducted on **August 26, 2020**, at **9:00 AM** in the chambers of **Magistrate Judge Jill L. Burkhardt**, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101.

Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **August 17, 2020**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.  The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference.  If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge

Burkhardt's chambers.  **Settlement conference statements shall not be filed with the Clerk of the Court.  Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

8. For bench trials before the Honorable Roger T. Benitez, counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **December 28, 2020**.

9. Counsel shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **December 28, 2020**.  Failure to comply with these

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

10. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **January 4, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 11, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 18, 2021**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Roger T. Benitez** on **January 25, 2021**, at **10:30 AM**.

14. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

///

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

Dated: April 6, 2020

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge