| | |
|---|---|
| ALAN ALEXANDER BECK<br>LAW OFFICE OF ALAN BECK<br>2692 HARCOURT DRIVE<br>SAN DIEGO, CA 92123<br>(619) 905-9105<br>STATE BAR NO. 276646<br>ALAN.ALEXANDER.BECK@GMAIL.COM<br>ATTORNEYS FOR PLAINTIFFS<br>RUSSELL FOUTS AND<br>TAN MIGUEL TOLENTINO | STEPHEN D. STAMBOULIEH<br>STAMBOULIEH LAW, PLLC<br>P.O. BOX 428<br>OLIVE BRANCH, MS 38654<br>(601) 852-3440<br>STEPHEN@SDSLAW.US<br>MS BAR NO. 102784<br>*ADMITTED PRO HAC VICE |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RUSSELL FOUTS and TAN MIGUEL TOLENTINO,**<br><br>Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as the Attorney General of the State of California,**<br><br>Defendant. | 19-cv-01662-BEN-JLB<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE**<br><br>Judge: Hon. Roger T. Benitez<br>Courtroom: 5A<br>Action Filed: September 1, 2019<br>Hearing Date: April 3, 2023 10:30AM<br>Courtroom 5A |

I.  Introduction

Defendant filed a "Supplemental Expert Report and Declaration of Randolph Roth" on February 10, 2023. There are numerous problems with this new "expert." First, this is the first time Plaintiffs have seen this purported expert, and he has not been disclosed prior to this filing. Second, this "Supplemental Expert Report" supposedly deals with "the history of homicides and mass murders in the United

1

States." ECF #63-1, PageID.1727, ¶1.  Third, this appears to be Defendant's attempt at bolstering (or burdening) the record with extraneous "evidence" to be used on appeal later that does not seem to have any bearing on the matter before the Court.

This "Supplemental Expert Report" should be stricken from the record.

II. Defendant Violates This Court's December 15, 2022 Order and This Court's Scheduling Order

The Parties were supposed to complete "[a]ll expert discovery" by "August 14, 2020.  ECF # 18.  On October 17, 2022, this Court ordered Defendant to file "any additional briefing that is necessary to decide this case in light of *Bruen*" and ordered the Plaintiffs to respond "within 21 days thereafter."  ECF # 47.

Defendants took that Order and ran with it, filing a 36-page "supplemental brief" (ECF # 51) and three declarations from purported experts: Dennis Baron, Robert Escobar, and Robert Spitzer.  (ECF # 51-1, 51-2, 51-3).  Hundreds upon hundreds of pages of materials and declarations were submitted.  And because Plaintiffs were then in the unenviable position of having to rebut three undisclosed/late-disclosed experts, they had to hire their own expert to provide a rebuttal report.  ECF # 59-1.

The Court, during its December 12, 2022 hearing, discussed potential depositions of experts in the other matters this case was heard with on that day, and in this matter as well. The Court then ordered the Defendant to conduct a historical

survey and file the results. *See* December 15, 2022 Minute Order. And then, Defendant and Plaintiffs were to file another supplemental brief (and response) upon that historical survey. *Id*. The parties were also directed to decide if Mr. Cramer (Plaintiffs' rebuttal expert) and curiously, Mr. Roth, who had yet to be discussed as any type of expert in this matter, and as such, was unnecessary to contemplate as an expert or for a deposition.[1]

Defendant took the Court's Order to mean file another expert declaration. Except strangely, Defendant filed an expert declaration, purporting to be a supplement,[2] that was created for an entirely separate matter and that is irrelevant to this case. Mr. Roth was apparently requested "to prepare an expert report providing opinions on the history of homicides and mass murders in the United States." PageID.1727. More specifically, he was tasked with paying "special attention to the role that technologies have played in shaping the character and incidences of homicides and mass murders over time, and the historical restrictions that local and

---

[1] It is possible that this is a scriveners' error in the Court's December 15, 2022 Minute Order, as Mr. Escobar, Mr. Spitzer, and Mr. Baron were the only individuals who submitted declarations with the Defendant's December 1, 2022 Supplemental Brief. See *Duncan v. Bonta*, Minute Order December 12, 2022 discussing "deposing Mr. Roth and Mr. Cramer at an agreed place and time" because Mr. Roth filed a declaration in that case. *See Duncan v. Bonta*, 3:17-cv-01017-BEN-JLB, ECF # 118-8. It appears Mr. Roth was tasked with the same issue in that matter. *Id*. at PageID.8705 ("to provide opinions on the history of homicides and mass murders..."). This report was dated November 9, 2022, before Defendant filed his first supplemental brief (ECF # 51) on December 1, 2022 in *Fouts*.

[2] No such expert declaration of Roth exists in this case.

3

federal authorities have imposed in response to new technologies that they deemed particularly lethal, prone to misuse..." and on and on. PageID.1731. This "report" was prepared for *Rupp, et al. v. Bonta* (8:17-cv-00746-JLS-JDE) and is dated January 6, 2023.

It is axiomatic that a "district court may exclude irrelevant evidence and any relevant evidence whose probative value is substantially outweighed by its potential to confuse the issues." *United States v. Way*, 804 F. App'x 504, 510 (9th Cir. 2020). "Within a district court's broad discretion 'lies both the power to exclude or admit expert testimony,' and 'to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party.'" *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). Mr. Roth's "Supplemental Expert Declaration" is 1) not for this case, and 2) irrelevant to the issues presented in this case, and for those reasons, should be struck from the record.

Defendant's "Supplemental Expert Report and Declaration of Randolph Roth" is irrelevant to the matter at hand, does not discuss the subject matter of *Fouts* (billies), and only addresses "clubs" to the extent that: 1) an unloaded musket can be used as a club (Declaration at 11); 2) "like-minded neighbors [could] go on a rampage with clubs, knives, nooses, pistols, shotguns, or rifles" to commit mass murder (Declaration at 32); and 3) that "Grand Jurors of Jasper County, Georgia" pleaded to the state to restrict concealable weapons. Declaration at 17. As such, it is simply irrelevant to the subject matter.

Had Defendant wanted to propose Mr. Roth as an expert, he certainly had ample time and opportunity to do so, as evidenced by Mr. Spitzer's, Mr. Escobar's, and Mr. Baron's declarations filed on December 1, 2022 and Mr. Roth's "expert" declaration filed in *Duncan v. Bonta*, 3:17-cv-01017-BEN-JLB, ECF # 118-8. This late attempt at shoehorning yet another declaration into this case is unavailing and should not be allowed.

This Court's Amended Scheduling Order, ECF # 18, provides that "[f]ailure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence." Because Defendant keeps submitting "experts" way beyond the discovery deadline, and because Mr. Roth's "supplemental" declaration supplements nothing previously filed in this matter, it should be stricken.

III.   Conclusion

This Court should Order the "Supplemental Expert Declaration" of Mr. Roth stricken from the Record.

Dated: February 24, 2023

*/s/ Alan Alexander Beck*           */s/ Stephen D. Stamboulieh*
Alan Alexander Beck                  Stephen D. Stamboulieh