ROB BONTA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General
ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-6002
 Fax:  (916) 324-8835
 E-mail:  Anthony.OBrien@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **RUSSELL FOUTS et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>Defendant. | 3:19-cv-01662-BEN-JLB<br><br>**BRIEF IN OPPOSITION TO MOTION TO STRIKE**<br><br>Date:         April 3, 2023<br>Time:        10:30 a.m.<br>Courtroom: 5A<br>Judge:       The Honorable Roger T. Benitez<br>Trial Date:  None set<br>Action Filed:    September 1, 2019 |

The Court should deny Plaintiffs' motion to strike the Declaration of John D. Echeverria filed in support of Defendant's Brief Filed in Response to the Court's Order Entered on December 15, 2022. Dkt. 63-1 (Declaration), 68 (Motion to Strike). The declaration included an expert report and declaration from Randolph Roth, served by the Attorney General in *Rupp, et al. v. Bonta* (C.D. Cal. Case No. 8:17-cv-00746-JLS-JDE), a Second Amendment challenge to provisions of the California Assault Weapons Control Act. Dkt. 63-1 at Ex. 1 ("Roth Decl."). In their motion, Plaintiffs contend that the Court should strike the declaration because Dr. Roth's expert report is "irrelevant to the issues presented in this case," Dkt. 68-1 at 4:14-17, but that is not the case.

Contrary to Plaintiffs' claim, portions of the Roth Declaration are plainly relevant to the issues presented here. The Attorney General provided the declaration in response to this Court's request for additional briefing on the historical support for the challenged restrictions. Dkt. 57. Roth's declaration—which was served in *Rupp* over a month after the Attorney General had submitted his initial supplemental papers in this case on December 1, 2022 (Dkt. 51)—detailed an analogous historical tradition permitting state and local restrictions on specific weapons posing increased threats to public safety.[1] The declaration notes the series of state prohibitions against the carrying of concealable weapons, passed in response to the increased violence and use of such weapons in the antebellum South and borderlands, and the historical circumstances of their enactment. *See* Roth Decl., ¶ 26 (noting concealable weapons laws passed in Kentucky, Louisiana, Indiana, Arkansas, Georgia and Virginia between 1813 and 1838).[2] Those laws parallel similar government restrictions placed on billy clubs and other impact

---

[1] The Attorney General's supplemental briefing cited the relevant portions of the Roth Declaration. *See* Dkt. 63 at 13:20-14:2 (citing Roth Decl., ¶¶ 23-27).

[2] The Attorney General cited to several of these same laws in Defendant's Survey of Relevant Statutes (Pre-Founding – 1888), Dkt. 60-1 at [21, 22, 28, 29, 35].

weapons, which followed the increased criminal use of such weapons in the 1850's and 1860's.  Dkt. 63 at 7:7-9, 14:3-17.  All of these laws illustrate the general proposition noted by the Attorney General in his February 10, 2023 brief—that both during and after ratification of the Fourteenth Amendment, state and local governments exercised their authority to restrict certain weapons "in response to prevailing threats to public safety."  Dkt. 63 at 12:18-20.

Plaintiffs' other objections—that the inclusion of the Roth Declaration violates the Court's scheduling order and the order entered on December 15, 2022 (Dkt. 68 at 2:8-4:17)—are not supported by the record.  The Court's scheduling order (Dkt. 18) was issued almost two years before the Supreme Court created a new legal standard announced in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and therefore does not take into account the evidentiary requirement that the State provide a historical analogue for the challenged restriction.  Moreover, both parties in this action have since included expert declarations to support their arguments on whether such a historical analogue exists for California Penal Code Section 22210.  Dkt. 51-1, 51-2, 51-3, 59-1.

The record also does not support Plaintiffs' other contention that the December 15, 2022 Order (Dkt. 57) prohibits the Attorney General from including the Roth Declaration as an exhibit to the supplemental brief.  With respect to the supplemental brief, the Court order stated only that "Parties may file a brief up to 25 pages within 30 days [after Defendant submitted the surveys of historical statutes] focusing on relevant analogs."  Dkt. 57.  Inclusion of the Roth Declaration with the supplemental brief serves this purpose; the Attorney General cited to the declaration—which itself cites relevant sources—to show that the State's authority to restrict billy clubs is consistent with the historical tradition of prohibiting weapons used during periods of increased criminal activity.

This matter does not present grounds for the Court to exclude the Roth Declaration.  *Cf. Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (noting

that the district court has discretion to exclude expert testimony used in bad faith at trial or unfairly prejudicing an opposing party). The Attorney General's submission of the Roth Declaration was a good faith attempt to respond to the Court's order for additional briefing and further illustrate an argument already raised in this matter—that the Second Amendment does not limit the State's police powers to respond to public-safety threats as they arise. Dkt. 51 at 23:3-24:4. Also, Plaintiffs were not prejudiced by inclusion of the declaration; to the contrary, they had had an opportunity—through subsequent briefing—to respond to the declaration's inclusion. *See* Dkt. 65.

For these reasons, and for the reasons stated above, the Attorney General requests that the Court deny the motion to strike.

Dated:  March 20, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
Deputy Attorney General

*/s/ Anthony P. O'Brien*

ANTHONY P. O'BRIEN
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as Attorney General of the State of California*

SA2019104813
37012963.docx

## CERTIFICATE OF SERVICE

Case Name:   **Russell Fouts et al. v. Rob Bonta**                     No.    **3:19-cv-01662-BEN-JLB**

I hereby certify that on March 20, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**BRIEF IN OPPOSITION TO MOTION TO STRIKE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on March 20, 2023, at Sacramento, California.

Eileen A. Ennis
Declarant

*Eileen A. Ennis*
Signature

SA2019104813
37014184.docx